RECEIVED
OCT 05 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION, AFL-CIO and OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION LOCAL 108 | CIVIL ACTION 09-2228 |
| | JUDGE DOHERTY |
| | MAGISTRATE JUDGE HILL |
| VERSUS | |
| PHI, INC. | |

### ORDER

On September 24, 2012, this Court filed a provisional Memorandum Ruling in connection with the Motion to Dismiss [Doc. 55] filed by PHI, Inc. ("PHI") in the above-referenced lawsuit, which has become known as the "Green Book Lawsuit" among the parties and this Court. The ruling was provisional in that, although the Court indicated how it was likely to rule on the requests for relief presented in the motion, the Court deferred a final rule pending clarification from the parties as to certain of the claims in the Unions' complaint, specifically, the Unions' claim for attorneys' fees and costs. The motion itself, filed by PHI, seeks dismissal of the "Unions' claims in the Green Book" lawsuit pursuant to Fed. R. Civ. P. Rule 12(b)(1) (lack of subject matter jurisdiction) and Rule 12(b)(6) (failure to state a claim). The Unions oppose the motion [Doc. 57].

In its provisional ruling, which is hereby adopted *in toto* and incorporated by reference, the Court stated PHI's motion seeking to dismiss the Unions' claims for injunctive and/or equitable relief would be granted for lack of subject matter jurisdiction, and the foregoing claims would be dismissed without prejudice. However, because the motion to dismiss does not specifically address the Unions' claim for attorneys' fees and costs; because it was unclear whether the claim for

attorneys' fees and costs presented a claim for equitable – as opposed to non-equitable – relief; and because the disposition of such claim could impact whether the instant case is dismissed with or without prejudice, this Court deferred entering a final ruling on the motion as to all claims.[1] Ergo, it was ordered that should the Unions wish to pursue a claim for "sanctions" which is *not* equitable in nature (the Court having already indicated any request for sanctions that *are* equitable in nature would likely be dismissed for lack of subject matter jurisdiction), the Unions were ordered to clarify their request contained within ¶D ("Relief Requested") of the Unions' Complaint, Doc. 1 in a brief not to exceed 5 pages, normal fonts and margins, within 5 days of the Court's provisional ruling. PHI was allowed to respond to the Unions' brief.

The parties have filed no briefs addressing the issue of attorneys' fees and costs/sanctions, leading this Court to assume the Unions do not seek attorneys' fees and costs *in the nature of a non-equitable sanction*. Therefore, this Court assumes to the extent the Unions seek attorneys' fees and costs, they do so as a sanction in the nature of an *equitable remedy*. As an equitable remedy, the Unions' claim for attorneys' fees and costs is subject to dismissal for lack of subject matter jurisdiction, for all the reasons set forth in the Court's Provisional Memorandum Ruling dated September 24, 2012 [Doc. 59].

Considering the foregoing,

IT IS ORDERED THAT, for the reasons stated in the Court's Memorandum Ruling dated September 24, 2012 [Doc. 59], which is hereby adopted as the Court's final Memorandum Ruling,

---

[1] Specifically, in its provisional ruling, the Court noted it was unclear to the Court whether the Unions' request for sanctions in the form of attorneys' fees and costs is in the nature of a request for equitable relief, i.e., *sanctions under the RLA* (similar to the sanctions requested in the Return to Work Lawsuit), whether the request is in the nature of a general equitable award, or whether the request for attorneys' fees and costs is more akin to one asserted by a prevailing party under Rule 54(d) of the Federal Rules of Civil Procedure.

PHI's Motion to Dismiss [Doc. 55] is GRANTED in its entirety, and the Unions' claims for injunctive and/or equitable relief, including the Unions' claims for attorneys' fees and costs, sought as a sanction "in equity or otherwise" (which the Unions have now confirmed, by way of silence, are sought as an equitable remedy), are DENIED AND DISMISSED WITHOUT PREJUDICE.

As the instant ruling appears to dispose of all claims alleged in the above-captioned matter, IT IS ORDERED that the parties shall submit a final judgment, approved as to form, within ten (10) days of the date of this Ruling and Order.

THUS DONE AND SIGNED in Lafayette, Louisiana, this __5__ day of October, 2012.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE